**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **A.A. DOE,** <br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  21-215** <br>     **c/w 21-1238** |
| **THE ROMAN CATHOLIC CHURCH OF THE** <br> **ARCHDIOCESE OF NEW ORLEANS, ET AL.,** <br>     **Defendants** | **SECTION: "E" (1)** |

*Applies to:  Both Cases*

## ORDER AND REASONS

Before the Court is a Motion to De-Designate Confidential Documents and Modify

the Protective Order, filed by A.A. Doe ("Plaintiff").[1] The Roman Catholic Church of the

Archdiocese of New Orleans ("Archdiocese") filed an opposition.[2] A.A. Doe filed a reply.[3]

The Court heard oral arguments on the Motion to De-Designate on October 31, 2022.[4]

## BACKGROUND

On July 7, 2022, a protective order[5] was entered in this case over the objection[6] of

A.A. Doe. Thereafter, the parties (and non-parties) engaged in document discovery. On

September 2, 2022, the Archdiocese produced documents in response to a subpoena

---

[1] R. Doc. 80.

[2] R. Doc. 84. The Archdiocese is not a party to this litigation. *See* R. Doc. 9. However, a document produced by the Archdiocese underlies the instant discovery dispute. Father John Asare-Dankwah ("Asare") did not file an opposition to Plaintiff's Motion to De-Designate and Modify the Protective Order, though his counsel did participate in oral argument and expressed his opposition to the Motion. *See* R. Doc. 93.

[3] R. Doc. 90.

[4] R. Doc. 93.

[5] R. Doc. 70. On the same day, Magistrate Judge van Meerveld issued an Order & Reasons holding, *inter alia*, good cause existed to enter a protective order in this case. R. Doc. 69. Plaintiff timely appealed the Magistrate's Order and Reasons and entry of protective order, which this Court denied. *See* R. Doc. 71 (for the appeal); *see also* R. Doc. 79 (this Court's order denying the appeal).

[6] R. Docs. 52, 55.

issued to it by A.A. Doe.[7] The Archdiocese's production included an August 23, 2021 report prepared by its accounting firm Carr, Riggs & Ingram,[8] detailing extensive potential financial irregularities, including "$368,682 [of] disbursements made to or on behalf of" Father John Asare-Dankwah ("Asare") while Asare was the administrator/pastor of St. Peter Claver Catholic Church.[9] The Report was designated "confidential" under the protective order by the Archdiocese at the time of production.

Because the Carr Riggs report reveals actions that may be financial crimes committed by Asare, the Archdiocese's counsel turned the Report over to the Federal Bureau of Investigations ("FBI") and the Unsecured Creditors Committee in the Archdiocese bankruptcy proceedings before Judge Grabill.[10] The Archdiocese also provided the Report to Asare.[11] The Archdiocese has no objection to Plaintiff's counsel providing the Report to the Bankruptcy Trustee and to proper governmental authorities, provided the Report is maintained as confidential under the Protective Order for all other purposes.[12]

In the Motion to De-Designate, A.A. Doe argues the Report should be re-designated as non-confidential because, *inter alia*, (1) the Report is not covered by the definition of confidential information in the protective order; and (2) the good cause

---

[7] R. Doc. 84 at p. 6.
[8] Hereinafter, the Report will be referred to as "the Report" or "the Carr Riggs report" for ease of reference.
[9] R. Doc. 80-8.
[10] At oral argument counsel for the Archdiocese acknowledged the Report was provided to the FBI and the Unsecured Creditors Committee.
[11] Father Asare's counsel represented to the Court during oral argument that the report provided was marked confidential, meaning it was produced subject to the protective order.
[12] R. Doc. 84 at p. 7.

required under Federal Rule of Civil Procedure 26(c) does not exist to designate the Report as confidential.[13] The Court addresses each argument in turn.

## LAW AND ANALYSIS

**I.     The Report is not covered by the definition of "Confidential Information" in the protective order.**

At the outset, the parties dispute whether the Carr Riggs report is covered by the definition of "Confidential Information" in the protective order. The Archdiocese argues the Carr Riggs report falls into subsection 2(g), which provides:

> "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: . . . (g) information concerning disciplinary action, complaints, or *reports of misconduct*."[14]

According to the Archdiocese, because the Carr Riggs report details potential financial misconduct by Asare, the Report is a "report[] of alleged misconduct" under subsection 2(g) of the protective order.[15]

Federal Rule of Civil Procedure 26(c) provides the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, issuing an order "forbidding the disclosure or discovery" or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." "The burden is upon the movant to show the necessity of its issuance, which contemplates a

---

[13] R. Doc. 80.

[14] R. Doc. 70 (emphasis added).

[15] R. Doc. 84 at p. 9 (subheading B, titled "The Archdiocese properly designated the Report as confidential pursuant to the Protective Order because it contains irrelevant, confidential information regarding reports of alleged misconduct.").

particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[16]

> A "blanket" protective order
>
> permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors. "Blanket" protective orders are essential to the functioning of civil discovery. "Good cause" generally exists for issuance of a blanket protective order permitting competitors to designate "confidential" commercial information as protected—at least in the context of a party motion for modification of a stipulated protective order.[17]

The Magistrate Judge in her Order and Reasons found good cause to enter a blanket protective order in this case explaining:

> The court finds that good causes exists for entry of a blanket protective order here. The document production includes Asare's personnel file, which may contain personal and confidential health and financial information. The Archdiocese identified other information that may be in the personnel file, including names of parishioners and baptismal schedules, letters from parishioners about other issues, and personal information about third parties and relatives of Asare. As in any personnel file, there could be information about disciplinary action or complaints against Asare, related or unrelated to the allegations in this lawsuit. Further, the production of electronic and written communications may also reference parishioners unrelated to this dispute.[18]

The Magistrate Judge described the definition of confidential information in the protective order she issued as "narrowly tailored"[19] and noted the Archdiocese's request

---

[16] *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

[17] *Holland v. Summit Autonomous, Inc.*, No. CIV. A. 00-2313, 2001 WL 930879 at *2 (E.D. La. Aug. 14, 2001), *aff'd sub nom.*, *Holland v. Summit Tech., Inc.*, No. CIV. A. 00-2313, 2001 WL 1132030 (E.D. La. Sept. 21, 2001) (quoting *Bayer AG & Miles, Inc. v. Barr Lab'ys, Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995)).

[18] R. Doc. 69 at p. 10.

[19] *Id.* at p. 11.

that it be allowed to "designate confidential any private or sensitive document it deems confidential is too broad and too subjective."

In the context of this case, it is clear the definition of "Confidential Information" in the protective order is intended to be narrowly interpreted and the Archdiocese is not entitled to protection solely because a document contains private or sensitive information. The Magistrate Judge's good cause finding, affirmed by this Court, focused on protecting Asare's personal health and financial information and any complaints about him by his supervisors or parishioners. The "reports of misconduct" contemplated by subsection 2(g) are not of the type represented by the Carr Riggs audit report regarding financial improprieties. The Report does not meet the definition of confidential information under subsection 2(g) of the protective order.[20]

## II.     The Archdiocese has not demonstrated good cause exists for maintaining its confidential designation of the Report.

If the Report is covered by the definition of confidential information under subsection 2(g) of the protective order, that portion of the protective order does not pass Rule 26(c) muster because good cause for non-disclosure of the Report does not exist.

Rule 26(c) authorizes protective orders only when good cause for forbidding disclosure exists. A mechanism for judicial intervention is provided in the protective order to resolve disputes over the designation of a document as confidential. "The designation of any material or document as Confidential Information is subject to challenge by any

---

[20] R. Doc. 70. The Magistrate Judge also recognized the personnel file of Asare "could [include] information about disciplinary action or complaints against Asare, related or unrelated to the allegations in this lawsuit." When determining whether a blanket protective order was appropriate, it is clear the Magistrate Judge found this could be true in "any personnel file," meaning it was not a sufficient basis for finding good cause because it is generic. R. Doc. 69 at p. 11.

party."[21] "The burden of persuasion in any such challenge proceeding shall be on the designating party."[22] Accordingly, the Archdiocese must show "there is good cause to maintain such information confidentially."[23] It is within this Court's discretion to determine whether good cause exists.[24]

The Archdiocese argues good cause exists to maintain its confidential designation of the Report for three reasons: (1) the Carr Riggs report is embarrassing to the Archdiocese; (2) the Carr Riggs report is irrelevant to this litigation; and (3) Plaintiff's counsel intends to use the Carr Riggs report to harass the Archdiocese and Asare and to publicize this matter.[25]

First, the Archdiocese's generic argument that the Carr Riggs report should be designated as confidential because it is "embarrassing" does not outweigh the "public's interest in an open and honest judicial process."[26] Courts have consistently held that a party's embarrassment or incrimination, absent something more, is not a basis for documents to be held confidential under Rule 26.[27] The Court, exercising its discretion, finds good cause does not exist merely because the Report may bring, as a general matter, embarrassment to the Archdiocese.

Second, with respect to the Archdiocese's argument that good cause exists to designate the Carr Riggs report as confidential because the Report is irrelevant to this

---

[21] R. Doc. 70 at p. 7.
[22] *Id.* at p. 8.
[23] *Id.*
[24] *Pamlab, LLC v. Brookstone Pharmaceuticals, LLC*, 2010 WL 436870 at *2 (E.D. La. 10/22/2010).
[25] R. Doc. 88.
[26] *Pamlab*, 2010 WL 436870 at *3.
[27] *See, e.g., Pamlab, LLC*, 2010 WL 436870 at *3; *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179-80 (6th Cir. 1983); *Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 90 (D.N.J. 1986); *Joy v. North*, 692 F.2d 880 (2d Cir.1982).

litigation, the Archdiocese acknowledged during oral argument that the Report is relevant because the information contained therein bears on Asare's credibility. Thus, the Court finds this argument without merit.

Third, the Archdiocese's arguments that Plaintiff's counsel intends to use the Carr Riggs report to harass the Archdiocese and Asare and to publicize the Report is too generalized and scattershot to constitute "good cause" for maintaining a confidential designation outweighing the public's interest in an open and honest judicial process. "Broad allegations of harm, unsubstantiated by specific examples, do not support a showing of good cause."[28] First, Asare himself has not raised concerns about harassment should the Report be re-designated as non-confidential. In fact, Asare did not file a written opposition to the Motion to De-Designate.[29] Second, the Archdiocese has failed to demonstrate how a report of potential financial irregularities by its employee could be used to harass the Archdiocese. Simply put, the Carr Riggs report does not reveal potential financial crimes by the Archdiocese—it reveals potential financial irregularities by Asare. Third, to cast a broad net of confidentiality over the Report on the basis of vague concerns of unwanted publicity runs afoul of the Fifth Circuit's recognition that "[a] party may generally do what it wants with material obtained through the discovery process."[30] Without a particularized showing, the Court, exercising its discretion, does not find good cause exists merely because the Report may bring unwanted publicity to the Archdiocese.

---

[28] *Blanchard & Co., Inc. v. Barrick Gold Corp*, 2004 WL 737485 at *5 (E.D. La. 4/5/2004) (internal quotations omitted).

[29] At oral argument, Asare's counsel raised separate concerns about re-designating the Report as non-confidential, none of which related to harassment. These concerns related to whether the allegations in the Report are true and whether Asare waived confidentiality with respect to the Report, neither of which establishes good cause to maintain the Archdiocese's confidential designation.

[30] *Harris v. Amoco Production Co.*, 768 F.2d 669, 683–84 (5th Cir.1985).

In sum, the Archdiocese has not carried its burden of demonstrating good cause exists to designate the Report as confidential.

**CONCLUSION**

**IT IS ORDERED** that the Motion to De-Designate Confidential Documents and Modify the Protective Order is **GRANTED IN PART** and **DENIED IN PART**. The Carr Riggs report is re-designated as non-confidential. A.A. Doe's request to amend the protective order is **DENIED AS MOOT**.[31]

**IT IS FURTHER ORDERED** that R. Doc. 80-8 be **UNSEALED** on the record.[32]

**New Orleans, Louisiana, this 4th day of November, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] The Court passed on this issue on August 29, 2022, and no circumstances have changed warranting a different outcome now. If anything, the instant dispute confirms the protective order and its processes are serving its purposes. "Good cause in this context requires changed circumstances or new situations warranting modification of a protective order." *Peoples v. Aldine Independent School Dist.*, 2008 WL 2571900 at *3 (S.D. TX. 6/19/2008) (internal quotations omitted).

[32] The Court previously sealed this document pending resolution of the Motion to De-Designate. Now that this Motion has been resolved, and consistent with Fifth Circuit precedent, the Court finds the Carr Riggs report should not be filed under seal. *See June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022); *see also Binh Hoa Le v. Exeter Finance Corporation*, 990 F.3d 410 (5th Cir. 2021); *see generally* Hon. Gregg Costa, *Federal Appellate Judge: Too Many Sealed Documents*, Nat'l L. J. (2016) (recognizing "[the] unjustified sealing of court records happens all too often.").